UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK A. WEISS,

          Plaintiff,

        v.                                         Case No. 14-C-0519

STEVE WATTERS,

          Defendant.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 44),
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. 46),
DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC. 58),
AND DISMISSING CASE

The *pro se* plaintiff, Mark A. Weiss, is a Wisconsin state prisoner. He filed this lawsuit under 42 U.S.C. § 1983 alleging that defendant Steve Watters detained him past the date for his scheduled release from the Mendota Mental Health Institute. On July 28, 2015, the court granted defendant's request for a stay of deadlines, to afford him an opportunity to file a summary judgment motion on statute of limitation grounds. (Doc. 43.) That motion was filed and for the reasons explained in this order, defendant's motion for summary judgment will be granted and this action will be dismissed.

SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable

substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## FACTS[1]

In 1995, plaintiff was found not guilty by reason of mental disease or defect of three offenses, including second degree sexual assault. (Doc. 48 ¶ 1.) The Kenosha County Circuit Court in *State v. Mark A. Weiss*, 95CF178, entered an order on October 13, 1995, committing plaintiff to the Wisconsin Department of Health and Social Services for institutional care for no more than two-thirds of the maximum term of imprisonment for the three offenses as authorized by the Wisconsin statutes. (*Id.* ¶ 2.)

---

[1] This section is taken from Defendant's Proposed Findings of Fact. (Doc. 48.) Plaintiff did not respond to defendant's proposed facts and, as a result, they are undisputed for the purpose of summary judgment. *See* Fed. R. Civ. P. 56(e); Civil L.R. 56(b)(4) (E.D. Wis.).

2

From September 26, 1995, until he was conditionally released on January 31, 2001, plaintiff was a patient at Mendota Mental Health Institute ("Mendota"). (*Id.* ¶ 3.) Plaintiff was readmitted to Mendota on April 3, 2001, and discharged again on November 7, 2001. (*Id.* ¶ 4.) He maintains that he should have been released from Mendota on August 22, 1999. (*Id.* ¶ 5.)

Plaintiff was re-admitted to Mendota pursuant to Chapter 51 of the Wisconsin Statutes during periods covering the following dates: May 4, 2002-May 9, 2002; May 20, 2002-June 13, 2002; January 23, 2003-February 26, 2003; March 22, 2003-May 28, 2003; March 5, 2004-April 2, 2004; August 10, 2005-August 12, 2005; and September 20, 2006-November 6, 2006. (*Id.* ¶ 6.)

Plaintiff was admitted to Mendota for a "Treatment to Competency" stay from May 15, 2008 until August 12, 2008. (*Id.* ¶ 7.) Plaintiff has not been admitted to Mendota since August 12, 2008. (*Id.* ¶ 8.)

DISCUSSION

Defendant contends that plaintiff's § 1983 constitutional claim is barred by the six-year statute of limitations.[2] In response, plaintiff contends that the statute of limitations was tolled because he has a mental disability.

For claims brought under 42 U.S.C. § 1983, the court borrows the limitations period and tolling rules applicable to personal-injury claims under state law. *Devbrow v. Kalu*, 705

---

[2] Defendant also contends that plaintiff's Eighth Amendment deliberate indifference claim must be dismissed because he was not a state prisoner when he was illegally detained. According to defendant, since plaintiff was not a prisoner, his claim does not fall under the Fourteenth Amendment. Defendant further contends that this case therefore should be dismissed without prejudice, and that plaintiff could file an amended complaint advancing a Fourteenth Amendment claim in order to proceed. However, whether plaintiff's claim is considered under the Eighth Amendment or the Fourteenth Amendment, either claim falls under 42 U.S.C. § 1983 and, as explained herein, the statue of limitations bars the claim under § 1983.

3

F.3d 765, 767 (7th Cir. 2013) (citing *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012)). Section 1983 claims are subject to Wisconsin's six-year personal rights statute of limitations, Wis. Stat. § 893.53. *See Malone v. Corrections Corp. of America*, 553 F.3d 540, 542 (7th Cir. 2009); *Wudtke v. Davel*, 128 F.3d 1057, 1061 (7th Cir. 1997); *Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir. 1989). These claims accrue on "the date that the plaintiff knew or should have known that his constitutional rights had been violated." *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006); *see also Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). In false imprisonment cases, the limitations period for a § 1983 lawsuit begins to run when the alleged false imprisonment ends. *See Wallace v. Kato*, 549 U.S. 384, 388-89 (2007).

In this case, plaintiff alleges that he should have been released from Mendota on August 22, 1999, and that he was conditionally released on January 31, 2001. Plaintiff was readmitted to Mendota on April 3, 2001, for revocation of conditional release, and discharged again on November 7, 2001. Thus, plaintiff's claim accrued on November 7, 2001. Adding six years to that date, he should have filed this case by November 7, 2008, to fall within the statute of limitations. However, this lawsuit was not filed until May 6, 2014.

Plaintiff contends that the statute of limitations was tolled due to his mental illness. It is undisputed that he was re-admitted as a patient to Mendota on the following dates: May 4 to May 9, 2002; May 20 to June 13, 2002; January 23 to February 26, 2003; March 22 to May 28, 2003; March 5 to April 2, 2004; August 10 to August 12, 2005; and September 20 to November 6, 2006. These commitment periods add up to a period of 214

4

days. If the statute of limitations was tolled for 214 days, plaintiff would have had to file his complaint by November 7, 2007, plus 214 days, or by June 9, 2008.

Lastly, plaintiff states that he warrants an extension of the limitations period under Wis. Stat. § 893.16, which permits a five year extension of the limitation period if a claimant is mentally ill at the time a cause of action accrues. *See* Wis. Stat. § 893.16(1), (3); *Storm v. Legion Ins. Co.*, 2003 WI 120, ¶ 24, 265 Wis. 2d 169, 185-86, 665 N.W.2d 353, 361. Wis. Stat. § 893.16 provides in relevant part:

> If a person entitled to bring an action is, at the time the cause of action accrues, either under the age of 18 years, except for actions against health care providers; or mentally ill, the action may be commenced within 2 years after the disability ceases, except that where the disability is due to mental illness, the period of limitation prescribed in this chapter may not be extended for more than 5 years.

Wis. Stat. § 893.16(1). As stated above, plaintiff's claim accrued on November 7, 2001. Allowing for the six year statute of limitations plus an additional five years under Wis. Stat. § 893.16 fixes a filing date of November 7, 2012, within the statute of limitations. However, plaintiff filed his case on May 6, 2014, after the extended limitations period expired.[3] Therefore,

IT IS ORDERED that plaintiff's motion for summary judgment (Doc. 44) is DENIED.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (Doc. 46) is GRANTED.

---

[3] Plaintiff filed a summary judgment on the merits on August 17, 2015. (Doc. 44.) However, as with his previous summary judgment motion that the court denied on July 28, 2015, this motion does not contain any proposed facts as required by the Local Rules and it is subject to dismissal on that basis. *See* Civil L.R. 56(b)(1)(C)(iii) (E.D. Wis.). In any event, the court does not reach the merits of plaintiff's claim because this action is barred by the statute of limitations.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Doc. 58) is DENIED AS MOOT.

IT IS FURTHER ORDERED that this case is DISMISSED.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2016.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. District Judge